

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JAMES ARMSTRONG, MATT CROSTA )
ERIC LICURSI, CHRIS SIEFERT, )
ANTHONY SORIANO and  MICHAEL )
MICHAEL WALSH  on behalf of )
themselves and all other employees )
similarly situated who opt-in to this civil )
action )
 )
            Plaintiffs, )
     against - )
 )
 )
HOMEBRIDGE MORTGAGE BANKERS. )
CORP. and DAVID I. PANKIN )
 )
            Defendants. )
--------------------------------------------------------x

**JURY TRIAL
REQUESTED**

**COMPLAINT**

2007 Civ. No.
ECF CASE

LINDSAY, M.J.

Plaintiffs JAMES ARMSTRONG, MATT CROSTA, ERIC LICURSI, CHRIS

SIEFERT, ANTHONY SORIANO and MICHAEL WALSH, by their attorney Robert N.

Felix, for their complaint allege as follows:

## SUMMARY OF ACTION

1.      Plaintiffs were formerly employed as Loan Officers with HOMEBRIDGE

MORTGAGE BANKERS CORP., a/k/a Refinance.com.

2.      Plaintiffs bring this representative action on behalf of themselves and

other similarly situated employees who may opt-in to this civil action pursuant to the

provisions of Section 16(b) of the Fair Labor Standards Act, as amended, 29 U.S.C.

§216(b), (the "Act" or the "FLSA"), and Section 255(a) of the Portal-to-Portal Act. to

recover minimum wages, unpaid overtime compensation, an additional equal amount as

liquidated damages, post-judgment interest and reasonable attorneys' fees and costs

relating to defendants' willful violations of the FLSA and for statutory penalties owed to

Plaintiffs and all other Loan Officers employed by, or formerly employed by Homebridge

Bankers Corp.

1

3.    In addition, plaintiffs bring supplemental state claims to recover minimum wages, overtime compensation, unpaid commissions liquidated damages and/or pre-judgment interest, plus post-judgment interest, reasonable attorneys' fees and court costs for defendants' willful violation of the New York State Labor Law and its applicable regulations.

## JURISDICTION AND VENUE

4.    Jurisdiction over this action is conferred on this Court by Section 16(b) of the FLSA, 29 U.S.C. §216(b)). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a), because the state claims are so related to the federal claims that they form a part of the same case or controversy between Plaintiff and Defendants. Venue lies within this jurisdiction pursuant to 28 U.S.C. §§1931. and 1337.

## PARTIES

5.    Plaintiff James Armstrong ("Armstrong") was employed as a Loan Officer with defendants.

6.    Plaintiff Matt Crosta ("Crosta") was employed as a Loan Officer with defendants.

7.    Plaintiff Eric Licursi ("Licursi") was employed as a Loan Officer with defendants.

8.    Plaintiff Chris Siefert ("Siefert") was employed as a Loan Officer with defendants.

9.    Plaintiff Anthony Soriano ("Soriano") was employed as a Loan Officer with defendants.

10.    Plaintiff Michael Walsh ("Walsh") was employed as a Loan Officer with defendants.

11.    Plaintiffs are employees as defined by §3(e) (1) of the FLSA, 29 U.S.C.

2

§203(e) (1).

12.    Plaintiffs Armstrong, Crosta, Licursi, Siefert, Soriano and Walsh are named parties and have consented in writing to becoming party plaintiffs and sue under the FLSA, on behalf of themselves and all other similarly situated Loan Officers, who file consents to be plaintiffs in this action.

13    The plaintiffs' consent are filed with this Court and attached as Exhibit "A". If additional similarly situated persons consent in writing to become plaintiffs in this action, such consents will be filed with this Court.

14.    Plaintiffs will seek leave of the Court for an Order permitting to have a formal notice be sent to potential class members and establish the opt-in procedures by authorization of the Court. Plaintiffs will move the Court to order defendants to produce the names and addresses of those who should receive the notice, namely, similarly situated current and former Loan Agents of defendants.

15.    Defendant   HOMEBRIDGE   MORTGAGE   BANKERS   CORP. ("Homebridge") is a domestic business corporation organized under the Laws of New York and is authorized to and transacts business and mortgage lending services in New York within the territorial jurisdiction of this Court.

16.    Defendant David I. Pankin is, and at all times was, the Chief Executive Officer or Chairman of Homebridge, acting directly or indirectly in its interest in relation to its employees, an employer within the meaning of the FLSA.

17.    Defendants are covered employers under the Fair Labor Standards Act and the New York State Labor Law. Defendants business was and is engaged in commerce or the production of goods for commerce and has, on information and belief, annual gross sales of at least $500,000.

## FACTS

18    At all relevant times, defendants had a consistent policy of requiring their

Loan Officers, including plaintiffs, to work in excess of forty (40) hours per week without paying them minimum wages and overtime compensation at one and a half times their regular rate as required by the FLSA and/or New York State Labor Law.

19.     Plaintiff Armstrong was employed as a Loan Officer with defendants beginning in October 2004 and ending on or about May 2006. His job duties *inter alia* included originating loans and obtaining credit information. For each loan he sold he was entitled to receive an agreed upon commission. Plaintiff Armstrong worked for defendants, on average, 65-70 hours per week.

20.     Plaintiff Crosta was employed as a Loan Officer with defendants beginning in or about July 11, 2005 and ending on or about November 16, 2005. His job duties *inter alia* included originating loans and obtaining credit information. For each loan he sold he was entitled to receive an agreed upon commission. Plaintiff Crosta worked for defendants, on average, 65 or more hours per week.

21.     Plaintiff Licursi was employed as a Loan Officer with defendants beginning in March 2002 and ending on or about September 2003. He was employed again from April 2005 to October 2005. His job duties *inter alia* included originating loans and obtaining credit information. For each loan he sold he was entitled to receive an agreed upon commission. Plaintiff Licursi worked for defendants, on average, 65 hours per week.

22.     Plaintiff Siefert was employed as a Loan Officer with defendants beginning in November 2004 and ending on or about August 2005. His job duties *inter alia* included originating loans and obtaining credit information. For each loan he sold he was entitled to receive an agreed upon commission. Plaintiff Siefert worked for defendants, on average, 60-70 hours per week.

23.     Plaintiff Soriano was employed as a Loan Officer with defendants beginning first in February 2002 through September 2004 and again on or about August 2005 through April 2006. His job duties *inter alia* included originating loans and

4

obtaining credit information. For each loan he sold he was entitled to receive an agreed upon commission. Plaintiff Soriano worked for defendants, on average, 65 or more hours per week.

24.     Plaintiff Walsh was employed as a Loan Officer with defendants beginning in January 2005 and ending on or about April 2006. His job duties *inter alia* included originating loans and obtaining credit information. For each loan he sold he was entitled to receive an agreed upon commission. Plaintiff Walsh worked for defendants, on average, 60 hours per week.

25.     At all relevant times, defendants failed to pay plaintiff Armstrong minimum wages or overtime compensation.

26.     At all relevant times, defendants failed to pay plaintiff Crosta minimum wages or overtime compensation.

27.     At all relevant times, defendants failed to pay plaintiff Licursi minimum wages or overtime compensation.

28.     At all relevant times, defendants failed to pay plaintiff Siefert minimum wages or overtime compensation.

29.     At all relevant times, defendants failed to pay plaintiff Soriano minimum wages or overtime compensation.

30.     At all relevant times, defendants failed to pay plaintiff Walsh minimum wages or overtime compensation.

31.     During plaintiff Armstrong's employment, Defendants failed on some occasions pay commissions earned and owed to Armstrong.

32.     During plaintiff Crosta's employment, Defendants failed on some occasions pay commissions earned and owed to Armstrong.

33.     During plaintiff Licursi's employment, Defendants failed on some occasions pay commissions earned and owed to Licursi.

34.     During plaintiff Walsh's employment, Defendants failed on some

5

occasions pay commissions earned and owed to Walsh.

35      Similarly, prior to, during and subsequent to plaintiffs' employment, on information and belief, other similarly situated Loan Officers of defendants have worked hours in excess of 40 per week, and were not paid minimum wages or overtime compensation. These Loan Officers performed similar duties as plaintiffs.

36.     As a result of defendants' pay practices, defendants failed to pay minimum wages and overtime compensation to plaintiffs, and others similarly situated.

37.     Defendants operate and have operated a mortgage loan business at 60 Oak Drive, Syosset, New York 11791.

38.     Defendants have employed and still employ numerous Loan Officers to sell mortgage loans on real estate.

39.     Plaintiffs and those similarly situated are or were employees of the defendants during part or all of the last three years and are/were required to follow the defendants' guidelines, policies and forms in carrying out defendants' business of selling loans.

40.     During the last three years, defendants, on information and belief, have employed at least 30 persons as Loan Officers.

41.     Loan Officers report to, and work under the supervision of defendants' management employees.

42.     Loan Officers duties do not entail significant discretionary decision making or supervision of others.

43.     The Loan Officers' primary duty is to sell loans over the telephone. These sales activities are conducted almost exclusively inside defendants' facilities.

44.     Potential borrowers in the main are contacted directly by the Loan Officers based on previously established leads.

45.     The Loan Officers' job *inter alia* is to obtain the information necessary to determine the potential borrower's credit-worthiness; calculate loan terms (rate and

6

fees); sell the loan to the customer according to such  terms and send the legally required disclosures to the customer.

46.     Loan Officers do not have the discretion to offer loan terms other than those generated by the "rates" program or those that have been approved by defendants' management.

47.     Because of their duties and the nature of their position, Loan Officers do not fall within any of the exemptions to the minimum pay and overtime pay requirements of the FLSA, 29 U.S.C. §§206 and 207 and the New York State Labor Law.

48.     Loan Agents typically work at least 60 to 70 hours a week.

49.     During all relevant times, loan officers were not paid a guaranteed salary.

50.     During all relevant times, Defendants compensated Loan Officers by commissions only.

## FIRST CLAIM FOR RELIEF UNDER FLSA

51.     Plaintiffs reallege each of the allegations set forth in all prior paragraphs as if fully set forth here.

52.     At all relevant times plaintiffs, and other similarly situated employees who may opt-in, were entitled to the rights, protections and benefits provided under the FLSA and the Portal-to-Portal Act.

53.     The Fair Labor Standards Act requires overtime pay at a rate of not less than one and one-half times an employee's regular rate of pay after forty hours of work in a work week.

54.     At all relevant times, plaintiffs, as well as other similarly situated employees who may opt-in, had on numerous occasions worked in excess of the hours specified in the Act, 29 U.S.C. §207.

55.     As a result, plaintiffs, and other similarly situated employees who may opt-in,  are entitled to receive overtime compensation, equaling the difference between what they were entitled to receive under the FLSA and the amount that  they were

7

actually paid.

56.     At all relevant times, defendants acted in reckless disregard of the applicable provisions of the FLSA and the regulations of the U.S. Department of Labor.

57.     Because of defendants' willful violation, plaintiffs, and all those similarly situated employees who may opt-in, are entitled to wages and overtime compensation and liquidated damages for the period beginning three years prior to the filing of this complaint or pursuant to 29 U.S.C. §255(a).

58.     By virtue of defendants' willful violation of section 7 of the Act, defendants are liable to plaintiffs, and all other similarly situated employees who may opt-in, for all unpaid wages and overtime compensation for the period beginning three years prior to the filing of this complaint pursuant to 29 U.S.C. §255(a).and for liquidated damages together with attorneys fees, costs, disbursements and interest.

## SECOND CLAIM FOR RELIEF UNDER NYS LABOR LAW

59.     Plaintiffs reallege each of the allegations set forth in all prior paragraphs as if fully set forth here.

60.     At all times that plaintiffs were employed by defendants, plaintiffs were entitled to the rights, protections and benefits provided under the New York State Labor Law and its applicable regulations.

61.     At all times that plaintiffs were employed by defendants, defendants were required to pay plaintiffs and all other similarly situated employees who join this action, minimum wages, earned commissions and overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty in any work week.

62.     Defendants acted with reckless disregard to the provisions of the New York State Labor Law and its regulations, willfully failing to pay plaintiffs minimum wages, earned commissions and overtime compensation to plaintiffs and all other

8

similarly situated employees, without any basis in fact to support such conduct and with full knowledge that such conduct violated the New York State Labor Law.

63.     Defendants are liable for all unpaid minimum wages and overtime compensation owed to plaintiffs, and to all similarly situated employees who join this action, the amount to be determined in this action, going back six years from the filing of this action, together with reasonable attorneys' fees, costs and interest.

64.     By virtue of defendants' willful violation of the State Labor Law, defendants are liable to plaintiffs, and to all similarly situated employees who join this action, for liquidated damages, equal to twenty-five percent of the overtime compensation due, during that part of the Litigation Period not covered by the FLSA.

## JURY DEMAND

65.     Plaintiffs demand a trial by jury of all issues in this action.

**WHEREFORE** plaintiffs, on their own behalf and on behalf of others similarly situated, pray that the Court:

a.      assume jurisdiction over this action;

b.      enter judgment in favor of the plaintiffs, and all other similarly situated persons who may opt-in,  monetary damages in the form of back pay for unpaid minimum wages, unpaid but earned commissions, overtime compensation owed during the applicable period of limitations as may be found by a jury and the Court.

c.      enter judgment in favor of the plaintiffs, and all other similarly situated persons who may opt-in, for such amount as may be awarded by a jury and the Court for liquidated damages, for defendants; willful violation of the FLSA and the NYS Labor Law;

d.      award plaintiffs  and all other similarly situated persons who may opt-in, all costs, expenses, and reasonable attorneys' fees associated with the prosecution of this civil action; and

9

     e.     grant such additional or alternative relief as **may** appear to the Court to be just and proper.

Dated: New York, New York
      March 9, 2007

Robert N. Felix **(RF-4229)**
Attorney for Plaintiffs
11 Broadway, Suite 715
New York, New York 10004
212-747-1433

10

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JAMES ARMSTRONG, MATT CROSTA   )
BRIAN LEIBOWITZ, ERIC LICURSI,   )
CHRIS SIEFERT,  ANTHONY SORIANO  )
and MICHAEL WALSH   )
on behalf of themselves and all other   )
employees similarly situated who opt-in to   )
this civil action   )
   )
                    Plaintiffs,   )
   )
          against -   )          2007 Civ. No.
   )          ECF CASE
   )

HOMEBRIDGE MORTGAGE BANKERS. )
CORP., and DAVID I. PANKIN   )
   )
                    Defendants.   )
-----------------------------------------------------------x

## CONSENT TO JOIN AS PARTY PLAINTIFF

Pursuant to § 16(b) of the Fair Labor Standards Act, I hereby give my consent to be a party plaintiff in the above-captioned  civil action to recover unpaid overtime compensation and minimum wages, and agree to be bound by any settlement or judgment of the court in such action. I authorize my attorney, Robert N. Felix, Esq. to act on my behalf in all matters relating to this action, including the settlement of plaintiffs' claims.

NAME :     JAMES ARMSTRONG

ADDRESS:   225 Kennedy Avenue
           Hempstead, NY 11550

SIGNATURE:

DATE:      1/17/07

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

JAMES ARMSTRONG, MATT CROSTA  )
BRIAN LEIBOWITZ, ERIC LICURSI,  )
CHRIS SIEFERT,  ANTHONY SORIANO  )
and MICHAEL WALSH  )
on behalf of themselves and all other  )
employees similarly situated who opt-in to  )
this civil action  )
                                  )
            Plaintiffs,  )

    against -  )           2007 Civ. No.
                                    )           ECF CASE
                                    )

HOMEBRIDGE MORTGAGE BANKERS. )
CORP., and DAVID I. PANKIN  )
                                    )
            Defendants.  )

-------------------------------------------------------x

## CONSENT TO JOIN AS PARTY PLAINTIFF

Pursuant to § 16(b) of the Fair Labor Standards Act, I hereby give my consent to be a party plaintiff in the above-captioned   civil action to recover unpaid overtime compensation and minimum wages, and agree to be bound by any settlement or judgment of the court in such action. I authorize my attorney, Robert N. Felix, Esq. to act on my behalf in all matters relating to this action, including the settlement of plaintiffs' claims.

                    NAME :    MATT CROSTA

                    ADDRESS:    23 Kim Place
                                      Kings Park, NY 11754

                    SIGNATURE: _____

                    DATE:        1-17-07

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JAMES ARMSTRONG, MATT CROSTA  )
BRIAN LEIBOWITZ, ERIC LICURSI,  )
CHRIS SIEFERT,  ANTHONY SORIANO )
and MICHAEL WALSH  )
on behalf of themselves and all other  )
employees similarly situated who opt-in to  )
this civil action  )
                                                        )
                        Plaintiffs,  )

            against -                          )              2007 Civ. No.
                                                        )              ECF CASE
                                                        )

HOMEBRIDGE MORTGAGE BANKERS. )
CORP., and DAVID I. PANKIN  )
                                                        )
                        Defendants.  )
--------------------------------------------------------x

## CONSENT TO JOIN AS PARTY PLAINTIFF

Pursuant to § 16(b) of the Fair Labor Standards Act, I hereby give my consent to be a party plaintiff in the above-captioned  civil action to recover unpaid overtime compensation and minimum wages, and agree to be bound by any settlement or judgment of the court in such action. I authorize my attorney, Robert N. Felix, Esq. to act on my behalf in all matters relating to this action, including the settlement of plaintiffs' claims.

NAME :        ERIC LICURSI

ADDRESS:    21 Greenvale Lane
                      Syosset, N.Y. 11791

SIGNATURE:

DATE:        Jan 18th, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JAMES ARMSTRONG, MATT CROSTA )
BRIAN LEIBOWITZ, ERIC LICURSI, )
CHRIS SIEFERT, ANTHONY SORIANO )
and MICHAEL WALSH )
on behalf of themselves and all other )
employees similarly situated who opt-in to )
this civil action )
                                              )
             Plaintiffs, )

     against - )           2007 Civ. No.
                                  )           ECF CASE
                                  )

HOMEBRIDGE MORTGAGE BANKERS. )
CORP., and DAVID I. PANKIN )
                                  )
             Defendants. )
--------------------------------------------------------x

## CONSENT TO JOIN AS PARTY PLAINTIFF

Pursuant to § 16(b) of the Fair Labor Standards Act, I hereby give my consent to be a party plaintiff in the above-captioned civil action to recover unpaid overtime compensation and minimum wages, and agree to be bound by any settlement or judgment of the court in such action. I authorize my attorney, Robert N. Felix, Esq. to act on my behalf in all matters relating to this action, including the settlement of plaintiffs' claims.

NAME:      CHRIS SIEFERT

ADDRESS:   175 Main Street, Apt G-4
                 Northport, N.Y. 11768

SIGNATURE:

DATE:      1/18/07

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JAMES ARMSTRONG, MATT CROSTA  )
BRIAN LEIBOWITZ, ERIC LICURSI,   )
CHRIS SIEFERT,  ANTHONY SORIANO )
and MICHAEL WALSH                       )
on behalf of themselves and all other    )
employees similarly situated who opt-in to )
this civil action                                    )
                                                           )
                        Plaintiffs,              )
                                                           )
            against -                               )          2007 Civ. No.
                                                           )          ECF CASE
                                                           )
                                                           )
HOMEBRIDGE MORTGAGE BANKERS. )
CORP., and DAVID I. PANKIN               )
                                                           )
                        Defendants.           )
---------------------------------------------------------x

## CONSENT TO JOIN AS PARTY PLAINTIFF

        Pursuant to § 16(b) of the Fair Labor Standards Act, I hereby give my consent to

be a party plaintiff in the above-captioned  civil action to recover unpaid overtime

compensation and minimum wages, and agree to be bound by any settlement or judgment

of the court in such action.  I authorize my attorney, Robert N. Felix, Esq. to act on my

behalf in all matters relating to this action, including the settlement of plaintiffs' claims.

NAME :     ANTHONY SORIANO

ADDRESS:  2003 Court North Drive
                      Melville, NY 11747

SIGNATURE:

DATE:     1-22-07

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JAMES ARMSTRONG, MATT CROSTA )
BRIAN LEIBOWITZ, ERIC LICURSI, )
CHRIS SIEFERT, ANTHONY SORIANO )
and MICHAEL WALSH )
on behalf of themselves and all other )
employees similarly situated who opt-in to )
this civil action )
)
           Plaintiffs, )
)
     against - )     2007 Civ. No.
)     ECF CASE
)
HOMEBRIDGE MORTGAGE BANKERS. )
CORP., and DAVID I. PANKIN )
)
          Defendants. )
-----------------------------------------------------------x

## CONSENT TO JOIN AS PARTY PLAINTIFF

Pursuant to § 16(b) of the Fair Labor Standards Act, I hereby give my consent to be a party plaintiff in the above-captioned civil action to recover unpaid overtime compensation and minimum wages, and agree to be bound by any settlement or judgment of the court in such action. I authorize my attorney, Robert N. Felix, Esq. to act on my behalf in all matters relating to this action, including the settlement of plaintiffs' claims.

NAME :     MICHAEL WALSH

ADDRESS:   15 Jasmine Lane
           Kings Park, NY 11754

SIGNATURE: _____

DATE:     1/13/07