```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JAMES ARMSTRONG, ET AL.,

                Plaintiffs,         MEMORANDUM AND ORDER
                                    07-CV-1024 (JS)(ARL)
        - against -

HOMEBRIDGE MORTGAGE BANKERS CORP.,
ET AL.,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiffs:    Robert Neal Felix, Esq.
                   Law Offices of Robert N. Felix
                   11 Broadway, Suite 715
                   New York, NY 10004

                   Keith Michael Stern, Esq.
                   Shavitz Law Group
                   1515 S. Federal Highway, Suite 404
                   Boca Raton, FL 33432

                   Peter Francis Valori, Esq.
                   Timothy O. Schranck, Esq.
                   Miguel Armenteros, Esq.
                   Damian & Valori LLP
                   1000 Brickell Avenue,Ste. 1020
                   Miami, FL 33131

                   Joshua Silber, Esq.
                   Abend & Silber, PLLC
                   419 Park Avenue South
                   New York, NY 10016

                   Amanda M. Fugazy, Esq.
                   Paul P. Rooney, Esq.
                   Eric Scott Tilton, Esq.
                   Fugazy & Rooney LLP
                   225 Broadway, 39th Floor
                   New York, NY 10007

                   Donald Joseph Jaret, Esq.
                   Donald J. Jaret PA
                   2697 Botticelli Drive
                   Henderson, NV 89052

                   Rodd Marcus, pro se
```

```
                    Omar Goicochea, pro se
                    Kevin Willis, pro se
                    Jeffery Mezzetti, pro se
                    Cassim Bucary, pro se
                    Christian Ramirez, pro se
                    Mervin B. Vaught, Jr., pro se
                    Irina Yankovskaya, pro se

For Defendants:     Howard Marc Miller, Esq.
                    John S. Ho, Esq.
                    Bond, Schoeneck & King PLLC
                    1399 Franklin Avenue, Suite 200
                    Garden City, NY 11530

                    David Andrew Byrne, Esq.
                    Becker & Poliakoff, P.A.
                    121 Alhamra Plaza, 10th Floor
                    Coral Gables, FL 33134
```

SEYBERT, District Judge:

Plaintiffs[1] filed four separate actions, now consolidated into a single First Amended Complaint ("FAC"), seeking relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-209, New York law and Florida law, seeking allegedly unpaid overtime and/or minimum wage compensation, "spread of hours" compensation, and unpaid commissions. Plaintiffs moved for preliminary certification of an opt-in collective action under 29 U.S.C. § 216(b) for Defendants' alleged failure to pay overtime, and for Court-supervised notice to prospective class members of their opt-in rights. Defendants then moved to dismiss the FAC or, in the

---

[1] Although several Plaintiffs are presently listed as appearing pro se on the docket sheet the Court understands, through Plaintiffs' Second Amended Complaint, that Plaintiffs' counsel have now reached agreements to represent all of them.

2

alternative, for a more definite statement. In response to Defendants' motion, Plaintiffs have conditionally moved for leave to file a Second Amended Complaint ("SAC"), and have agreed to abandon their motion for collective action certification should the Court grant such leave. For the foregoing reasons: (1) Plaintiffs' motion for leave to file a SAC is GRANTED; (2) Defendants' motion to dismiss is DENIED AS MOOT; and (3) Plaintiffs' motion for preliminary certification is WITHDRAWN.

BACKGROUND

Plaintiffs were employed as Loan Officers or Mortgage Consultants by Defendant Homebridge Banking Corp., a/k/a Refinance.com. FAC ¶ 2. Plaintiffs allege that, although they typically worked 60-70 hours a week, they were not paid time-and-a-half for their hours exceeding 40 per week, and that the Defendants did not maintain records of their actual hours worked. FAC ¶¶ 3, 38. Plaintiffs further claim that Defendants had a "consistent policy" of not paying overtime compensation. FAC ¶ 37. According to Plaintiffs, this policy existed even though, due to the nature of their work, loan officers are not "exempt" employees within the FLSA's meaning. FAC ¶¶ 29-34 (alleging facts concerning the type of work a loan officer engages in). Given the similarity of their positions, and Defendants' alleged nationwide pay policies, Plaintiffs originally argued that they are "similarly situated" to one another within the FSLA's meaning, and thus are entitled to

preliminary certification of an FLSA collective action.

Defendants contend that a collective action is inappropriate, because the Plaintiffs worked in different offices, in different states, at different times, and supposedly had somewhat different responsibilities. Defendants also argue that the FAC is defective because it fails to list all the opt-in plaintiffs as named Plaintiffs, names them only in an exhibit that is difficult to read, and fails to indicate which Plaintiffs seek relief under which counts.

In response to Defendants' motion, Plaintiffs now wish to proceed without certifying a collective action, and instead seek to file a SAC which lists all the opt-in Plaintiffs as named Plaintiffs. However, Plaintiffs have conditioned their abandonment of the collective action mechanism on the Court agreeing to toll the statute of limitations for all opt-in Plaintiffs "from the time they filed their opt-in notice until the time the Second Amended Complaint is filed." Pl. Opp. Br. at 4. Defendants object to any such tolling.

## DISCUSSION

I. Equitable Tolling

As a condition of their agreement to withdraw their motion for preliminary certification of a collective action in favor of the proposed SAC, Plaintiffs ask for a Court order determining that the statute of limitations is tolled for all opt-

in plaintiffs "from the time they filed their opt-in notice until the time the Second Amended Complaint is filed." Pl. Opp. Br. at 4. Defendants respond, without citing any case law or authority, that for the Court to decide this issue now would be "inappropriate under court rules and the requirements of due process." Def. Reply Br. at 2.

As an initial matter, the Court rejects Defendants' argument that it would be "inappropriate" to decide this issue now. Plaintiffs have presented the Court with a pure question of law: should the statute of limitations be tolled for opt-in Plaintiffs from the time they filed their opt-in notice until the time the SAC is filed? Contrary to Defendants' claims, this is a legal question that is common to all Plaintiffs who have formally expressed their desire to join this action since Plaintiffs filed the FAC. Despite Defendants' cursory objections, the Court fails to see how "discovery" would inform the Court's decision on this question of law, or how this question is "individual" to each opt-in Plaintiff (although, of course, certain other statute of limitations issues are particular to each Plaintiff, such as when they worked for Defendants). Def. Reply Br. at 2. Thus, this question is ripe.

Turning to the merits of Plaintiffs' request, the Court agrees that, for each opt-in Plaintiff, the statute of limitations should be tolled from the time they filed their opt-in notice until the filing of Plaintiffs' SAC. Indeed, doing so comports with

5

elementary principles of justice. Had the Court conditionally certified this case as a collective action (which it was prepared to do), the statute of limitations would have been tolled. See Grayson v. K Mart Corp., 79 F.3d 1086, 1106 (11th Cir. 1996) (under the ADEA, "opt-in plaintiffs are deemed to commence their civil action only when they file their written consent to opt into the class action," and noting that, in this respect, the ADEA follows the FLSA's procedures). And, even if the Court had denied certification, tolling would still have been appropriate. See McLaughlin v. Harbor Cruises LLC, 06-CV-11299, 2009 WL 890101, *1 (D. Mass. Mar. 31, 2009). This is because it would have been "reasonable for [the opt-in Plaintiffs] to have relied on their consents filed in that case, rather than to file their own individual actions." Id. So to here: the opt-in Plaintiffs have reasonably relied on the pending motion for preliminary certification in deciding not to pursue individual claims. The fact that Plaintiffs' counsel seeks to streamline this case by abandoning the collective action mechanism, rather than waiting for the Court to rule on the pending certification motion, should not prejudice the opt-in Plaintiffs.

II. Leave to Amend

Having agreed with Plaintiffs' condition to amending the FAC, the Court now address whether Plaintiffs should be granted leave to amend their complaint a second time. The Court answers

6

this question in the affirmative. Under Fed. R. Civ. P. 15(a)(2), the Court should "freely give leave when justice so requires." Here, justice so requires. First, Defendants do not object in principle to Plaintiffs' proposed amendment – they object only to Plaintiff's request that the Court deem the statute of limitations tolled from the time each opt-in Plaintiff filed his consent to the SAC's filing. Second, Plaintiffs' proposed amendment cures most or all of the FAC's purported defects. Among other things, the SAC now lists all Plaintiffs as named Plaintiffs, specifically identifies where each Plaintiff worked, and identifies that Counts II, III and IV (the New York-specific claims) are brought on behalf of those Plaintiffs who were "employed in New York." See SAC ¶¶ 39-106, 113, 114, 117, 118, 120, 122. And third, by eliminating the proposed collective action, Plaintiffs' proposed SAC significantly streamlines this case, hopefully enabling it to reach a final resolution faster, without imposing any apparent prejudice on Defendants.

Thus, leave to amend is GRANTED.

CONCLUSION

For the foregoing reasons: (1) Plaintiffs' motion for leave to file a Second Amended Complaint is GRANTED; (2) Defendants' motion to dismiss is DENIED AS MOOT; and (3) Plaintiffs' motion for preliminary certification is WITHDRAWN. Plaintiffs are directed to file their Second Amended Complaint

within 5 business days of this Order.  The statute of limitations for each of the opt-in Plaintiff is deemed tolled for the period between the filing of their opt-in notice, and Plaintiffs' filing of the Second Amended Complaint.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  Central Islip, New York
        September   30  , 2009